# IN GENERAL TERM, 1873.

---

SILAS B. MAULSBY, Appellant, *v.* GEORGE CHURCH.

COSTS.

Where a suit is commenced in the Superior Court, and the plaintiff shows that he is entitled to recover more than fifty dollars, but the defendant also shows, that he is entitled to a set-off to an equal amount, and judgment is rendered for the defendant, the costs should be taxed against the plaintiff.

BLAIR, J.—This is a suit by the plaintiff to recover damages caused by the unskillful sawing of timber, which the defendant had undertaken to manufacture into lumber for the plaintiff.

The defendant answered in general denial and a set-off, claiming compensation for sawing the same timber mentioned in the complaint.

There was a trial by the Court, and judgment for the defendant, and against the plaintiff for costs.

A motion was then made by the plaintiff to tax the costs to the defendant, which motion was overruled, and excepted to by the plaintiff.

This question of costs is the only one presented for our consideration. There was no special finding of facts and conclusions of law under Section 341, 2 G. & H., p. 207; but the finding of the Court is stated as follows: "That the plaintiff is entitled to recover on his complaint $84, and defendant on his set-off $84, and therefore, finds for the defendant."

The statute establishes the general rule that the party recovering judgment shall recover costs. This rule always prevails unless it is otherwise provided by law. 2 *G. & H.,* p. 225, *Sec.* 396.

The next section of the statute, 2 *G. & H., p.* 227, points out a different rule, in cases where the action is commenced in the Circuit Court, or Court of Common Pleas where the plaintiff recovers less than fifty dollars; except that in cases where " the judgment has been reduced below fifty dollars by a set-off, or counter claim, pleaded, and proved by the defendant, in which case the party recovering judgment shall recover costs."

It is claimed that as the finding shows that the plaintiff, but for the set-off, was entitled to recover more than fifty dollars, he was entitled to a judgment for costs.

We do not so understand the statute. It was made to prevent, or discourage parties from bringing petty suits in the higher courts, and the section is intended to cover a class of cases, where the plaintiff may have a valid, and just claim for fifty dollars, or over, for which he may sue, and if it should turn out on account of a set-off, or counter claim, "pleaded and proved by the defendant," that he is only entitled to a judgment for a sum less than fifty dollars, he will still be entitled to recover his costs. There must be a judgment in

any event for the plaintiff in such case. If the claim of the plaintiff is more than balanced by a set-off, or counter claim, or if it is just equaled by a set-off, or counter claim, it shows that in justice, and equity the suit ought never to have been instituted, that the plaintiff is not entitled to recover anything of the defendant, and hence ought not to come into Court.

We think the action of the Court in taxing the cost to the plaintiff was right, and the judgment is affirmed.